UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS D. CLARK,

      Plaintiff,

v.                        Case No: 2:16-cv-727-FtM-29MRM

THE SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA and MARK
ROSENBALM, in his individual
capacity,

      Defendants.

_____

## ORDER OF DISMISSAL

This matter comes before the Court on defendants' Motion to Dismiss for Failure to Prosecute (Doc. #16) filed on November 15, 2016. The time to respond has expired and plaintiff has failed to respond. Defendants' previously filed a Motion to Dismiss (Doc. #11) on October 13, 2016, however plaintiff failed to respond to that motion[1] prompting this second motion.

*1. Dismissal*

Defendants seek dismissal of the case as barred by the statute of limitations, or in the alternative, for failure to state a claim. (Doc. #11.) Defendants also seek an involuntary dismissal

_____

[1] Plaintiff sought an extension of time to respond through November 11, 2016, which was granted, but no response was filed. (Docs. #12, #14.)

of this case with prejudice for failure to prosecute, and for the costs associated with the previous action, Case No. 2:13-cv-820-FTM-29DNF, based on its re-filing.  (Doc. #16.)

On November 22, 2013, plaintiff Carlos D. Clark initiated a Complaint against Mark Rosenbalm and the School Board of Collier County, Florida.  See Case No. 2:13-cv-820-FTM-29DNF (Clark I). The Clark I Complaint was filed within 90 days of receipt by plaintiff on August 26, 2013, of a Right to Sue letter.  Plaintiff was permitted to file a Third Amended Complaint (Clark I, Doc. #89), to which defendants filed an Answer and Affirmative Defenses (Clark I, Doc. #90) and a Motion for Summary Judgment (Clark, I, Doc. #91).  Plaintiff failed to respond, despite extensions of time, an Order to Show Cause (Clark I, Doc. #98) for the failure to respond, and a Report and Recommendation (Clark I, Doc. #99) explaining why the case should be dismissed for failure to prosecute.[2]  On August 25, 2016, the Court issued an Opinion and Order adopting the Report and Recommendation of the Magistrate Judge and dismissing the case without prejudice for failure to prosecute, "except as to the applicable statute of limitations." (Clark I, Doc. #103.)

---

[2]  Plaintiff filed Objections (Clark I, Doc. #102) acknowledging that a response to the Motion for Summary Judgment was untimely, but failing to file an actual response.

The operative Third Amended Complaint (Clark I, Doc. #89) in Clark I is virtually identical[3] to the Complaint filed in this case (Clark II), except that plaintiff has added, under a heading of "Statute of Limitations", that the Third Amended Complaint was dismissed without prejudice, and the complaint was being "refiled pursuant to the Court's order of dismissal within the 30-day period following the dismissal." (Clark II, Doc. #1, p. 22.) Plaintiff seeks relief under Title VII of the Civil Rights Act of 1991 for racial discrimination, under 42 U.S.C. § 1983 and the Fourteenth Amendment on the basis of equal protection, and under a Florida Statute for wrongful termination based on plaintiff's race after his wrongful termination on March 26, 2012.

It is unclear what authority allows plaintiff to re-initiate the case without running afoul of the statute of limitations. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."). Further, plaintiff never responded to the motions to dismiss in this case to address the issue.

---

[3] Only paragraphs 90 and 91 in the Clark II Complaint were not in the Clark I Third Amended Complaint.

Clark II is based on the identical facts from Clark I, including the termination from employment date of May 26, 2012[4], and the same August 26, 2013, Right to Sue letter.[5]  As a result, the claims are untimely on their face.  The motions to dismiss will be granted based on the applicable statute of limitations, and based on the failure to respond to either motion.

*2. Costs*

Defendants seek their costs based on the filing of Clark II. Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> **(1)** may order the plaintiff to pay all or part of the costs of that previous action; and

___

[4] A Section 1983 claim is governed by the applicable personal injury limitations period in the forum state.  Miller v. Georgia, 223 F. App'x 842, 845 (11th Cir. 2007).  In the State of Florida, that period is 4 years from when the action accrues, that is, when plaintiff knows or should know that they have suffered an injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  In this case, the relevant date would be the date of termination.

[5] Under Title VII, a plaintiff must file a complaint within 90 days of receipt of the right to sue letter from the EEOC. Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007).  Under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq., the Florida Commission on Human Relations has 180 days from the filing of a complaint with the EEOC or the commission to find cause, or determine no cause.  A plaintiff may bring a civil action within 1 year of the determination.  Fla. Stat. 760.11(5).  This suit was not filed within 1 year of the determination, the same date that plaintiff received the right to sue letter.

> **(2)** may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  This case involves identical claims and parties as were in Clark I, however ordering plaintiff to pay all or part of the costs is discretionary.  A defendant is not entitled to reimbursement of costs that are deemed useful in continuing litigation, i.e., the second case.  Cadle Co. v. Beury, 242 F.R.D. 695, 700 (S.D. Ga. 2007).  The purpose of Rule 41(d) is to deter vexatious litigation and/or forum shopping by a plaintiff, and to prevent unfairness to defendants.  Duffy v. Ford Motor Co., 218 F.3d 623, 633 (6th Cir. 2000); Esposito v. Piatrowski, 223 F.3d 497, 500 (7th Cir. 2000); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000); Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992).

This case is being dismissed with prejudice, and defendants will be the prevailing party in this litigation.  Costs in this case are minimal as Clark II did not pass even the preliminary stages of litigation before plaintiff failed to prosecute.  In the exercise of its discretion, the Court will deny 41(d) costs of Clark I, but will impose the condition upon the dismissal of this case for any future re-filing.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. #11) is **GRANTED** as to the statute of limitations argument and otherwise **DENIED** as moot, and the Motion to Dismiss for Failure to Prosecute (Doc. #16) is **GRANTED** for failure to prosecute.

2. This action is **DISMISSED** <u>with</u> prejudice for failure to prosecute and as barred by the statute of limitations. Costs of Clark I and Clark II will be imposed upon plaintiff pursuant to Fed. R. Civ. P. 41(d) if any action based on or including the same claim against the same defendants is brought by this plaintiff.  The Clerk shall enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record